**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* RAY SANCHEZ TOPASNA,<br><br>Plaintiff,<br><br>v.<br><br>GUAM HOUSING AND URBAN RENEWAL AUTHORITY, *et al.*,<br><br>Defendants. | Case No. 1:15-cv-00040<br><br>**DECISION AND ORDER DENYING DEFENDANT SMITH'S MOTION TO DISMISS** |

## I.    INTRODUCTION

Pending before the Court is Defendant Mark S. Smith's motion to dismiss, in whole or in part, this action based on Rule 25 of the Federal Rules of Civil Procedure, ("Motion," ECF No. 106) to which Plaintiff the United States of America ("the Government") filed an opposition ("Opposition," ECF No. 109). To date, Smith has not filed a reply. For the reasons detailed herein, the Court DENIES Smith's motion to dismiss.

## II.    FACTS

In 2015, qui tam Relator Ray Sanchez Topasna ("Relator" or "Topasna") filed his complaint in this matter against Defendant Smith and others pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, premised upon Defendant Smith receiving Federal Section 8 housing payments as a landlord from Defendant Guam Housing and Urban Renewal Authority ("GHURA") despite his conflict as counsel for GHURA. (*See* Relator Complaint 3-7, ECF No. 1.)

1

Topasna sought recovery of federal money that GHURA paid Smith during the time Smith was GHURA's legal counsel including "both the monies he was paid for his work as legal counsel and as a landlord through the Section 8 low income housing program." (*Id.* at 11.) Additionally, Topasna requested reinstatement to his former position as Executive Director of GHURA, back pay, and special damages for his retaliatory termination. (*Id.* at 12.) For four years, the case was sealed and the Government obtained extensions of its deadline to file its notice of election on intervention. (*See* ECF No. 52.) On August 22, 2019, the Government filed its Notice of Election to Intervene in Part and to Decline in Part. (ECF No. 53.) In particular, the Government sought to "intervene in that part of the [R]elator's Complaint which alleges misconduct surrounding the actions of Defendant Mark S. Smith." (*Id.* at 2.) The Government declined to intervene on the allegations not related to Defendant Smith. (*Id.*) The United States then filed a complaint in intervention ("U.S. Complaint," ECF No. 55) against Smith premised upon the prohibition of Smith receiving Section 8 housing payments while counsel for GHURA, and Smith's attempts at concealing the conflict. (*See* U.S. Compl. 3-7, 10-14.) The Government did not intervene as to Topasna's claim of retaliation. (*See* U.S. Compl.) After the U.S. Complaint was filed, Topasna filed an Amended Complaint against GHURA and its six board members in their official capacity seeking monies paid to Defendant Smith by Defendant GHURA during the time Defendant Smith was legal counsel for Defendant GHURA, and reinstatement by Defendant GHURA to his former position as GHURA Executive Director. (Relator Am. Compl. 1-2, 5, ECF No. 56.)

In 2019, the Court stayed the matter pending the resolution of the related criminal matter. (*See* ECF No. 74). After the stay was lifted in September 2023 (ECF No. 92), counsel for Topasna filed a Suggestion of Death of Topasna pursuant to Federal Rule of Civil Procedure 25(a) specifying that Topasna passed on February 20, 2022. (ECF No. 93).

/ /

2

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 25(a) provides that:

(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

(2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

Generally, courts apply a uniform federal law to determine whether a federal claim survives. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1056 (9th Cir. 2018) (citation omitted). "[U]nder federal common law, federal claims typically survive a decedent's death if they are remedial in nature and not penal." *Id.* at 1056-57 (citations omitted).

### IV.    DISCUSSION

Defendant Smith moves for the dismissal of this qui tam action as to all Plaintiffs. (Mot. 8.) Smith first asserts that, if the qui tam claims against him are remedial and survive Topasna's death, the case should be dismissed because the United States failed to substitute in place of Topasna as required per Rule 25((a)(1). (*Id.* at 4.) He then argues that the FCA claims are punitive such that the FCA claims do not survive Topasna's death. (Mot. 8.) The Court addresses each argument in turn.

First, the Government need not file a motion for substitution pursuant to Rule 25(a) as it has already intervened in this matter when the Relator was still alive. Because the Government intervened, 31 U.S.C. § 3730(c) dictates that "it shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action." The Government's intervention "reduce[s] substantially the relator's role." *United States v. Acad.*

*Mortg. Corp.*, 968 F.3d 996, 1008 (9th Cir. 2020) (citation omitted). For example, the Government may dismiss and settle the action "notwithstanding the objections of the person initiating the action." § 3730(c). Here, because the Government filed its complaint and intervened in this action as to Smith's purported fraud, it bears primary responsibility for prosecuting this action such that it need not file a motion for substitution after Topasna's death to pursue the claims against Smith.[1] It would be illogical to require the Government to file a motion for substitution upon Topasna's death when § 3730(c) permits it to settle and dismiss the case *over* his objections. Therefore, the Court rejects Smith's Rule 25(a) substitution argument.

Second, Smith is mistaken as the FCA claim against him by the United States *survives* the death of Topasna. "The only court of appeals and the overwhelming majority of district courts to have considered the question have concluded" that "[a] claim under the FCA survives the death of the relator." *United States ex rel. Switzer v. Wood*, No. CV 18-08118, 2023 U.S. Dist. LEXIS 180477, at *4 (C.D. Cal. May 16, 2023) (first citing *United States v. NEC Corp.*, 11 F.3d 136, 137-39 (11th Cir. 1993); and then citing *United States ex rel. Hood v. Satory Global, Inc.*, 946 F. Supp. 2d 69, 81 (D.D.C. 2013)); *accord United States ex rel. Colucci v. Beth Isr. Med. Ctr.*, 603 F. Supp. 2d 677, 683 (S.D.N.Y. 2009) ("Accordingly, I hold that FCA claims brought under the qui tam provision of the statute are not extinguished with the relator's death.").[2] As the court in *Colucci* rationalized, "(1) damages for FCA claims, while both punitive and remedial in nature, serve a primarily remedial purpose; and (2) the purpose of the FCA is best served by allowing qui tam actions to survive the death of the relator." *Colucci*, 603 F. Supp. at 681. Smith overwhelmingly

---

[1] Topasna's claim of retaliation against GHURA and its Board of Directors is not at issue because the Government did not intervene as to that claim. Moreover, GHURA and Topasna's estate are in the midst of negotiating settlement of the claims against GHURA. (*See* GHURA's Not. Withdrawal 2, ECF No. 108.)

[2] Smith cited to *Colucci* (Mot. 6), but evidently failed to grasp the court's "hold[ing] that *qui tam* actions brought under the FCA survive the death of the relator" *Colucci*, 603 F. Supp. 2d at 681.

4

relies upon *United States ex rel. Harrington v. Sisters of Providence in Oregon*, 209 F. Supp. 2d 1085 (D. Ore. 2002) for the proposition that the FCA claims are punitive and upon the death of the relator, the qui tam action had to be dismissed. (Mot. 6-8.) First, the Court notes that in *Harrington*, the United States declined to intervene. *United States ex rel. Harrington v. Sisters of Providence in Or.*, No. CIV.98-1587-JO, 2001 WL 34041791, at *1 (D. Ore. Dec. 21, 2021.) Therefore, only the relator was the plaintiff in that case. Here, the United States intervened and filed its on complaint against Smith. Second, the undersigned agrees with the court in *Switzer* that declined to follow the minority position of *Harrington. See Switzer*, 2023 U.S. Dist. LEXIS 180477, at *4. In addition to other courts disagreeing with *Harrington*, the Supreme Court has subsequently recognized "'that the FCA serves dual punitive and remedial purposes,' thus undermining the reasoning of *Harrington*." *Id.* (first quoting *Hood*, 946 F. Supp. 2d at 81; and then quoting *United States ex rel. Chandler*, 538 U.S. 119, 131 (2003)). Based on the overwhelming case law, the Court joins many others in concluding that the FCA claim survives the death of the relator.

## V.    CONCLUSION

Based on the foregoing, the Court DENIES Smith's motion to dismiss as the United States had already intervened in the action and filed its own complaint against Defendant Smith, and because the claims against Smith survive Topasna's death.

IT IS SO ORDERED this 15th day of July 2024.

_____
RAMONA V. MANGLONA
Designated Judge